JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-8989 PA (RAOx) | Date | December 13, 2022 |
|---|---|---|---|
| Title | Hooper Management, LLC v. Ashley Kiser, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the the Court is a Notice of Removal filed by defendant Ashley Kiser ("Removing Defendant") on December 12, 2022. (Notice of Removal, Docket No. 1.) Plaintiff Hooper Management, LLC ("Plaintiff") filed a complaint in Los Angeles County Superior Court alleging a state-law claim for unlawful detainer. (See id.) Removing Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction. (See id.; see also Civil Cover Sheet, Docket No. 1-1.)

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-8989 PA (RAOx) | Date | December 13, 2022 |
|---|---|---|---|
| Title | Hooper Management, LLC v. Ashley Kiser, et al. | | |

      Here, Removing Defendant bases this Court's subject matter jurisdiction solely upon an unlawful detainer claim which does not arise under federal law. Removing Defendant alleges that removal is proper because Plaintiff's eviction action violates the Protecting Tenants at Foreclosure Act (the "PTFA") and is an attempt at artful pleading. (See Notice of Removal at 3, 6-7.) However, the PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. See Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013) (affirming dismissal of complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). Neither a federal defense nor a federal counterclaim forms a basis for removal. See Caterpillar, 482 U.S. at 392; see also Vaden v. Discover Bank, 556 U.S. 49, 59-62, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908))). Removing Defendant therefore has failed to invoke this Court's federal question jurisdiction.

      For the foregoing reasons, Removing Defendant has failed to meet her burden to demonstrate that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 22STUD06897. See 28 U.S.C. § 1447(c). Removing Defendant's Request to Proceed In Forma Pauperis (Docket No. 3) is denied as moot.

      IT IS SO ORDERED.